IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **SYMBOLY INNOVATIONS, LLC,**  Plaintiff,  v.  **MATCO TOOLS CORPORATION,**  Defendant. | CASE NO. 3:17-cv-155-slc  PATENT CASE  JURY TRIAL DEMANDED |

**DEFENDANT MATCO TOOLS CORPORATION'S
BRIEF IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), Defendant Matco Tools Corporation respectfully requests that this Court dismiss all claims in Plaintiff Symbology Innovations, LLC's Complaint for improper venue. Matco is a Delaware corporation with its principal place of business in Ohio and thus does not "reside" in this judicial district. Any alleged infringement through "internal testing" did not occur in this judicial district. Thus venue is improper under 28 U.S.C. § 1400(b) and the Supreme Court's recent ruling in *TC Heartland v. Kraft Foods Grp. Brands LLC*, No. 16-341, 581 U.S. __, 2017 WL 2216934 (May 22, 2017).

## I.   STATEMENT OF ISSUES

1.    Whether venue lies in the Western District of Wisconsin with respect to a corporate defendant that does not "reside" in this judicial district and has not "committed [alleged] acts of infringement" in this judicial district under 28 U.S.C. § 1400(b) and *TC Heartland*.

## II.   FACTS

### A.   Procedural Background

On February 27, 2017, Symbology filed its Complaint against Matco, alleging that Matco infringes U.S. Patent Nos. 8,424,752, 8,651,369, 8,936,190, and 7,992,773 (collectively, the "Patents-in-Suit"). (Dkt. No. 1 at 1 ("Compl.").) In its Complaint, Symbology acknowledges that Matco is a Delaware corporation with a principal place of business in Stow, Ohio. (*Id.* at 2, ¶ 3 ("Upon information and belief, Defendant is a company organized under the laws of Delaware, having a principal place of business at 4403 Allen Rd., Stow, OH 44224.").)

The asserted claims are directed to a method for "capturing," "detecting," and "decoding" symbology such as a bar code or quick response code ("QR code"). *See, e.g.*, '752 Patent, 13:39-46. Once the symbology is "decoded," information is sent to a remote server for "processing," and information "received" from the remote server is displayed on a "display device." *Id.*, 13:47-51. Symbology alleges that Matco infringes certain claims in each of the Patents-in-Suit—not by providing a method to "capture," "detect," and "decode" symbology, but rather by incorporating QR codes in ads and associating them with products and/or services. (*See, e.g.,* Compl., ¶¶ 31-36, 45-50, 59-64, 73-73.) Symbology contends that the alleged infringement occurs "through internal testing." (*See, e.g., id.*, ¶¶ 31-36, 45-50, 59-64, 73-73.)

In particular, Symbology alleges that Matco (1) "***internally tested*** the functionality of its QR codes in connection with its advertisements" (*see id.*, ¶¶ 32. 46, 60, 74), (2) "***through internal testing*** . . . used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and ads" (*see id.*, ¶¶ 33, 47, 61, 75), and (3) "***during internal use and testing***, uses a visual detection system (e.g., a smartphone camera and QR code scanning application) that is configured to automatically detect symbology (e.g., the QR code scanning application and its associated camera will automatically detect symbology in a QR code when said code is scanned)" (*see id.*, ¶¶ 36, 50, 64, 79). (emphasis added).

On May 22, 2017, the Supreme Court decided *TC Heartland LLC v. Kraft Foods Group Brands LLC*, which upends nearly 30 years of precedent in determining appropriate venue

in patent law cases and changes the venue analysis here. 2017 WL 2216934, at *7. Under *TC Heartland*, venue as to a corporate defendant is now proper only in a corporation's state of incorporation or "where the [corporation] has committed acts of infringement *and* has a regular and established place of business." *Id.* at *3 (emphasis added). Symbology has not pled *any* specific facts to support its allegations that venue is proper in this District.

Matco is a Delaware corporation with its corporate headquarters in Stow, Ohio. (*See* Decl. of Matthew Stump ("Stump Decl."), ¶ 3.) Matco has no manufacturing plants or distribution centers in Wisconsin. (*Id.*, ¶ 4.) Matco is not currently using QR codes in any advertising. (*Id.*, ¶ 5.) Matco's information technology department is located in its corporate headquarters in Stow, Ohio. (*Id.*, ¶ 6.) Matco does not make or sell a scanning application that is configured to "capture," "detect," or "decode" symbology. (*Id.*, ¶ 7.)

Matco does not "internally test[] the functionality of its QR codes in connection with its advertisements" <u>in this judicial district</u>. (*Id.*, ¶ 8.) Matco does not "through internal testing . . . use[] a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and ads" <u>in this judicial district</u>. (*Id.*, ¶ 9.) Matco does not "during internal use and testing, use[] a visual detection system (e.g., a smartphone camera and QR code scanning application) that is configured to automatically detect symbology (e.g., the QR code scanning application and its associated camera will automatically detect symbology in a QR code when said code is scanned)" <u>in this judicial district</u>. (*Id.*, ¶ 10.)

Venue is thus improper because Matco does not "reside" in this district, and Symbology has failed to show that any alleged infringement occurred here. Matco thus requests that the Court dismiss all claims in Symbology's Complaint.

## III. APPLICABLE LAW

### A. Law Relating to Improper Venue

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which establishes that venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Prior to 1990, the patent venue statue was considered to be independent from statutes that governed venue generally in civil cases. *TC Heartland*, 2017 WL 2216934, at *5–6 (citing *Fourco Glass Co. v. Transmirra Prods. Co.*, 353 U.S. 222, 229 (1957) (explaining that the patent venue statute is "complete, independent and alone controlling in its sphere," and "is the sole and exclusive provision controlling venue in patent infringement actions")). Thus, pursuant to the patent venue statute, a corporate defendant in a patent case could only be sued in (1) the judicial district in which it resided (i.e., was incorporated) or (2) a judicial district in which it had "committed acts of infringement and ha[d] a regular and established place of business." 28 U.S.C. § 1400(b); *Fourco*, 353 U.S. at 226.

In 1988, Congress amended the general venue statute to define the residence of a corporate defendant as "any judicial district in which it is subject to personal jurisdiction

at the time the action is commenced."[1] *TC Heartland*, 2017 WL 2216934, at *6. Following this amendment, the Federal Circuit in *VE Holding Corp. v. Johnson Gas Appliance Co.* reasoned that the definitional nature of the newly-amended general venue statute "expressly read[] itself into to the specific [patent venue] statute, § 1400(b)" and overrode prior case law holding the statutes were independent. 917 F.2d at 1580.

Based on the precedent set by *VE Holding*, courts have held venue is proper in patent cases as long as corporate defendants meet the "residency" definition in the general venue statute: they are subject to personal jurisdiction in the district. *See, e.g.*, *Script Security*, 170 F. Supp. 3d at 931–34 (holding that the general residency statute defined the term "resides" in patent venue statute, which provided for proper venue in place where corporation "resides" or had committed acts of infringement and had a "regular and established place of business"); *TeleSign Corp. v. Twilio, Inc.*, No. CV 15-3240, 2015 WL 12765482, at *3–5 (C.D. Cal. Oct. 16, 2015) (same); *Raytheon Co. v. Cray, Inc.*, No. 2:15-cv-1554, 2016 WL 5376324, at *1 (E.D. Tex. June 29, 2016), *report and recommendation adopted*, 2016 WL 5338714 (E.D. Tex. Sept. 23, 2016) ("§ 1400(b) [] defines proper venue for patent infringement cases and § 1391 [] defines where corporations 'reside' for all venue purposes."). This was so even in cases where venue would otherwise be improper under

---

[1] Congress amended the general venue statute again in 2011 to state that "an entity . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2); *TC Heartland*, 2017 WL 2216934, at *6. Applying either the 1988 amendment or the 2011 amendment to the patent venue statute (which permits proper venue in the place where a corporation resides), venue became appropriate in patent cases in jurisdictions where a corporation was subject to personal jurisdiction. *TC Heartland*, 2017 WL 2216934, at *6; *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 931-34 (E.D. Tex. 2016); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990).

an independent reading of the patent venue statute because the defendant corporation is neither incorporated nor has a "regular and established place of business" within the district. *See, e.g.*, *Script Security*, 170 F. Supp. 3d at 931–34 (finding proper venue in the Eastern District of Texas for business incorporated in Delaware and with no regular and established place of business in the Eastern District of Texas); *Raytheon*, 2016 WL 5376324, at *2–4 (venue proper in the Eastern District of Texas where defendant was a Washington corporation with its principal place of business in Seattle); *TeleSign*, 2015 WL 12765482, at *3–5 (proper venue in the Central District of California for Delaware corporation with its principal place of business in the Northern District of California and no regular business in the Central District).

On May 22, 2017, the Supreme Court reversed this holding. In *TC Heartland*, the Court explained that *VE Holding* was incorrect—where a corporation "resides" for purposes of the patent venue statute has always been its state of incorporation. 2017 WL 2216934, at *5, *7–8. And, the general venue statute definition of "resides" as any district in which a corporation is subject to personal jurisdiction does not apply. *Id.* Thus, once again, a corporate defendant can only be sued in a patent case in (1) the state in which it is incorporated or (2) a judicial district in which it has "committed acts of infringement and has a regular and established place of business." *Id.*; 28 U.S.C. § 1400(b).

### B.     The Burden Lies on Symbology to Establish Proper Venue

"When a defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper." *Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*, No. 03-C-0190-C, 2003 WL 23220142, at *2 (W.D.

Wis. Aug. 20, 2003) (*citing Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969)). As this Court has reasoned, "the allegations in [the plaintiff's] complaint are to be taken as true unless controverted by the defendant['s] affidavits, and any conflicts in the affidavits are to be resolved in [the plaintiff's] favor." *Id.* (applying personal jurisdiction standard to venue analysis, citation omitted, brackets in original). "Whenever an action could not have been properly brought in a district and no reason appears why it would be more in [the] interest of justice for [the] court to transfer [the] case than to dismiss it, it should be dismissed pursuant to 28 U.S.C. § 1406(a)." *Hamilton v. United Parcel Serv., Inc.*, No. 1:11–CV–240, 2012 WL 760714, at *2 (E.D. Tex. Feb. 13, 2012).

## IV. ARGUMENT

### A. Venue is improper because Matco does not reside in this District.

Plaintiff has not carried its burden to show that venue is proper in this District. As shown above, Symbology has conceded that Matco does not "reside" in this District because Matco is neither incorporated nor has its headquarters anywhere in Wisconsin. Moreover, Matco does not "internally test" the claimed method in this District. (*See* Stump Decl., ¶¶ 8-10.) Symbology thus has not and cannot meet its burden to show that Matco "has committed acts of infringement and has a regular and established place of business" in this judicial district. 28 U.S.C. § 1400(b). As such, under *TC Heartland*, Symbology's Complaint fails to establish that venue is proper in the Western District of Wisconsin and should be dismissed. 2017 WL 2216934, at *3; *see also* 28 U.S.C. § 1406.

## V. CONCLUSION

For the reasons set forth above, Matco respectfully requests that this Court grant its motion to dismiss for improper venue.

Date: June 13, 2017

Respectfully submitted,

By: */s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com
Theresa M. Dawson
Texas Bar No. 24065128
tdawson@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214.747.5070
Facsimile: 214.747.2091

**COUNSEL FOR DEFENDANT
MATCO TOOLS CORPORATION**